UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LIGHTHOUSE BAPTIST CHURCH, INC., RICHARD HACK, MATT MAYER, and PAUL GLISSON,

        Plaintiffs,

    v.

CHEMUNG COUNTY, CHEMUNG COUNTY HEALTH DEPARTMENT, PETE BUZZETTI, Individually and in his Official Capacity as Chemung County's Public Health Director, CHRISTOPHER MOSS, Individually and in his Official Capacity as County Executive, and MARI DELANEY, Individually and in her Official Capacity as Chairman for the Chemung County Health Department,

        Defendants.
_____

**DECISION AND ORDER**

6:20-CV-7000 EAW

## **INTRODUCTION**

Plaintiffs Lighthouse Baptist Church, Inc. ("LBC"), Richard Hack, Matt Mayer, and Paul Glisson (collectively "Plaintiffs") claim that Defendants Chemung County, Chemung County Health Department, Pete Buzzetti, Christopher Moss, and Mari Delaney (collectively "Defendants") violated their First, Fifth, and Fourteenth Amendment rights by limiting LBC's ability to conduct religious services during the COVID-19 pandemic. (Dkt. 1). On December 4, 2020, the Court entered a stipulated preliminary injunction (the "Stipulated Preliminary Injunction") at the request of the parties. (Dkt. 9).

Presently before the Court is Plaintiffs' motion for attorneys' fees.  (Dkt. 11). Because Plaintiffs' motion is untimely and they have failed to properly file a motion seeking an extension for excusable neglect (instead, simply raising in their reply memorandum of law the argument that the Court may extend the deadline), the Court denies Plaintiffs' motion, although it does so without prejudice.  Plaintiffs may file a subsequent fee application contemporaneously with a motion to extend the deadline within 45 days of the date of this Decision and Order.  In the meantime, because further litigation will only increase the amount of fees that Plaintiffs seek, the Court directs the parties to select a mediator through the Court's Alternative Dispute Resolution Program and conduct a mediation of this dispute within 30 days of the date of this Decision and Order.  These deadlines may be extended upon mutual consent of the parties through a letter submission to the Court, if necessary.

## BACKGROUND

Plaintiffs commenced the instant action on November 20, 2020, pursuant to 42 U.S.C. § 1983, seeking declaratory relief and preliminary and final injunctions for alleged violations of rights guaranteed under the First, Fifth, and Fourteenth Amendments to the United States Constitution.  (Dkt. 1).  The alleged violations stem from Defendants' attempts to ascertain and manage a suspected COVID-19 outbreak at LBC.  (*See* Dkt. 1 at ¶¶ 14-89).  Particularly, Plaintiffs challenge a notice of closure that the Chemung County Health Department posted on LBC's door on September 8, 2020, prohibiting LBC from holding services.  (Dkt. 1 at ¶¶ 21-24; Dkt. 2-2 at 9).  In addition to their complaint,

Plaintiffs filed a motion for a preliminary injunction to enjoin Defendants from enforcing this closure order. (Dkt. 2).

On November 24, 2020, the Court ordered an expedited briefing schedule regarding Plaintiffs' motion for a preliminary injunction and set oral argument for December 10, 2020. (Dkt. 5). In light of Plaintiffs' failure to comply with Local Rule 65(a)(4), the Court denied Plaintiffs' request for an evidentiary hearing. (*Id.* at 3). Because Plaintiffs' filings failed to comply with several rules and procedures, the Court admonished Plaintiffs that further failures to comply may result in denial of the requested relief. (*Id.*).

On December 4, 2020, at the request of the parties, the Court entered the Stipulated Preliminary Injunction granting Plaintiffs' motion for a preliminary injunction and enjoining Defendants from imposing any restrictions on Plaintiffs other than those contained in the "Interim Guidance for Religious & Funeral Services During the Covid-19 Public Health Emergency" promulgated by the New York State Department of Health, and requiring the withdrawal of the letter dated September 24, 2020, from Chemung County Attorney M. Hyder Hussain. (Dkt. 9).

On February 19, 2021, Plaintiffs filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 1988. (Dkt. 11). Plaintiffs seek reimbursement of $32,013.50 in attorneys' fees and $863.75 in costs and disbursements, for a total award of $32,877.25, claiming that they are "prevailing parties" pursuant to 42 U.S.C. § 1988. Defendants filed their opposition papers on March 12, 2021 (Dkt. 13; Dkt. 14; Dkt. 15), and Plaintiffs filed their reply on March 19, 2021 (Dkt. 16).

## DISCUSSION

### I. Standard for Awarding Attorneys' Fees Under § 1988

Where, as here, an action is brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," subject to certain exceptions not relevant here. 42 U.S.C. § 1988(b). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "However, while prevailing parties are eligible for fees under § 1988, they are not invariably entitled to them[,]" and "it is not the technical fact of prevailing party status, but the 'degree of success obtained' that determines a party's entitlement to a fee award and, relatedly, the reasonableness of the amount of that award." *Husain v. Springer*, 579 F. App'x 3, 4 (2d Cir. 2014) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

### II. Timeliness Pursuant to Rule 54

Defendants argue that Plaintiffs' motion is untimely pursuant to Rule 54(d)(2)(B)(i), which requires that a motion for attorneys' fees "be filed no later than 14 days after the entry of judgment[.]" *See* Fed. R. Civ. P. 54(d)(2)(B)(i). The Court entered the Stipulated Preliminary Injunction on December 4, 2020, and Plaintiffs filed their motion on February 19, 2021. Plaintiffs argue that Rule 54 does not define "entry of judgment" and the Court "should consult the rule's history, such as its advisory notes, to interpret its meaning." (Dkt. 16 at 2). They further argue that the advisory committee's notes suggest that "judgment" refers only to a final judgment on the merits. (*Id.* at 2-3).

There is relatively little case law regarding whether a preliminary injunction constitutes a "judgment" that triggers Rule 54's 14-day filing deadline, and the Court of Appeals for the Second Circuit has not addressed the issue. However, on July 16, 2021—after the parties had completed briefing on the instant motion—the Court of Appeals for the Eighth Circuit entered a decision holding that "[b]ecause preliminary injunctions are orders from which an appeal lies, 28 U.S.C. § 1292(a)(1), a plain reading of Rule 54 shows that the entry of a preliminary injunction triggers the fourteen-day deadline to move for attorney's fees, unless a statute or a court order provides otherwise." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021).

The Court finds the Eighth Circuit's reasoning in *Spirit Lake* persuasive. As the Eighth Circuit noted, Rule 54 defines judgment "to include 'any order from which an appeal lies.'" *Id*. at 853 (quoting Fed. R. Civ. P. 54(a)). An order granting a preliminary injunction is one from which an immediate appeal lies. *See* 28 U.S.C. § 1291(a)(1). It is true that the advisory committee note to Rule 54 "states that the rule establishes a deadline for motions for attorneys' fees—14 days after *final judgment* unless the court or a statute specifies some other time." *Spirit Lake*, 5 F.4th at 853 (quotation omitted and emphasis added). Although only cited by Plaintiffs indirectly for other purposes (Dkt. 16 at 4), the Second Circuit referenced this advisory committee note in *Weyant v. Okst*, wherein while considering whether motions pursuant to Federal Rules of Civil Procedure 50(b), 59(a), and 59(e) suspended the 14-day filing limitation, the court stated "that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion" because "[t]o the extent pertinent here, the Judicial Code permits

- 5 -

appeals only from 'final' decisions of the district court, 28 U.S.C. § 1291 (1994), and it is only a 'final judgment' that triggers the 14-day filing period[.]" 198 F.3d 311, 315 (2d Cir. 1999).

Nonetheless, the Court does not view *Weyant* as inconsistent with the Eighth Circuit's holding in *Spirit Lake*. In *Weyant*, there was no dispute that the decision at issue was appealable only if it was final, and the Second Circuit had no cause to consider whether the advisory committee note was consistent with Rule 54's express definition of "judgment." "An Advisory Committee Note, while helpful, cannot replace the plain language of a rule or statute." *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53-54 (E.D.N.Y. 2003); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (declining to follow advisory committee note that "cannot be squared with the plain language of [the relevant Rule] itself"). Although the advisory committee note "muddied the waters by describing the relevant triggering event as the entry of 'final judgment,' despite the rule's use of the term 'judgment,'" *Spirit Lake*, 5 F.4th at 855, it does not change the fact that an order granting a preliminary injunction falls within Rule 54's definition of a "judgment" and thus triggers the 14-day filing deadline for an attorneys' fee request. Accordingly, because it was filed over two months after the Stipulated Preliminary Injunction's entry, Plaintiffs' motion is untimely.

The Court may "for good cause" extend the time for a party to act "on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004); *Luedeke v. Village of New Paltz*, 194 F.R.D. 64, 65 (N.D.N.Y 2000), *aff'd sub nom.*

- 6 -

*Luedeke v. Murray*, 4 F. App'x 71 (2d. Cir 2001).  In construing the term "excusable neglect," the Court examines: "[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Tancredi*, 378 F.3d at 228 (alterations in original) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Here, Plaintiffs briefly discuss the Court's ability to extend the 14-day deadline in their reply memorandum submitted in support of their motion, but they failed to formally move for such an extension and their discussion of the issue fails to adequately address each of the necessary elements that the Court must consider.  (*See* Dkt. 16 at 4-6).  Under the circumstances, the Court concludes that it would be inappropriate to *sua sponte* grant an extension of time.  This conclusion is further buttressed by the fact that Plaintiffs' prevailing party status is at least potentially dependent upon whether Plaintiffs will ultimately pursue a final judgment in this case, and there has been no movement in this case since the filing of the Stipulated Preliminary Injunction, apart from the pending motion.[1]  Defendants have filed no answer to Plaintiffs' complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A).  Plaintiffs have not sought a default judgment against Defendants for failure to file an answer.  *See* Fed. R. Civ. P. 55(a).  The parties have not sought to enter a

---

[1]  Although the Court does not reach the issue of whether Plaintiffs are "prevailing parties" pursuant to § 1988, the Court notes that "[w]hen a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits."  *HomeAway.com, Inc. v. City of N.Y.*, 18 Civ. 7742 (PAE), 2021 WL 791232, at *5 (S.D.N.Y Mar. 1, 2021) (citing *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)).

permanent injunction or consent decree.[2]  No pretrial conferences have been scheduled pursuant to Rule 16, and the parties have not provided discovery.  Plaintiffs have also not sought voluntary dismissal.  *See* Fed. R. Civ. P. 41(a)(1).

Accordingly, the Court elects to deny the pending motion because it was not timely filed, but it does so without prejudice given the previously unclear nature of the precedent concerning the applicability of the 14-day deadline to the entry of the Stipulated Preliminary Injunction.  Plaintiffs may file a subsequent fee application contemporaneously with a motion to extend the deadline for doing so within 45 days of the date of this Decision and Order.  In the meantime, because further litigation will only increase the amount of fees that Plaintiffs seek, the Court further directs the parties to select a mediator through the Court's Alternative Dispute Resolution Program and conduct a mediation of this dispute within 30 days of the date of this Decision and Order.  These deadlines may be extended upon mutual consent of the parties through a letter submission to the Court, if necessary.  The Court further notes that separate and apart from the issue of attorneys' fees, the procedural posture of the case appears to reflect a failure to prosecute on the part of Plaintiffs, and the parties are encouraged through any mediation efforts to either fully resolve the case or, if unable to do so, Plaintiffs must take appropriate steps in pursuit of this litigation or else face a potential dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

---

[2]  Plaintiffs characterize the Stipulated Preliminary Injunction as a consent decree in their pending motion.  (*See* Dkt. 11-1 at ¶¶ 14-15).  However, the Stipulated Preliminary Injunction contains no language characterizing it as such.  To the contrary, the parties were clear that they had stipulated only to "Entry of a Preliminary Injunction." (Dkt. 9 at 3).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for attorneys' fees (Dkt. 11) is denied without prejudice. Plaintiffs may file a subsequent fee application contemporaneously with a motion to extend the deadline for doing so within 45 days of the date of this Decision and Order, and the Court directs the parties to select a mediator through the Court's Alternative Dispute Resolution Program and conduct a mediation of this dispute within 30 days of the date of this Decision and Order. These deadlines may be extended upon mutual consent of the parties through a letter submission to the Court, if necessary.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:   September 14, 2021
         Rochester, New York