UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LIGHTHOUSE BAPTIST CHURCH, INC.,
RICHARD HACK, MATT MAYER,
PAUL GLISSON, JOHN EARLY,
BOB DEWITT, GARY PICKERING,
FRED COLONY, JEREMY NORTON,
and CHAD VIGIL,

      Plaintiffs,

     -against-

               Civil No. 20-CV-07000-EAW

CHEMUNG COUNTY, CHEMUNG COUNTY
HEALTH DEPARTMENT, CHRISTOPHER MOSS,
PETE BUZZETTI, and MARI DELANEY,

      Defendants.
_____

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF THEIR RENEWED APPLICATION FOR FEES AND COSTS**

             **RUPP BAASE PFALZGRAF CUNNINGHAM,** LLC
             *Attorneys for Plaintiffs*
             R. Anthony Rupp III, Esq.
             Chad A. Davenport, Esq.
             1600 Liberty Building
             Buffalo, New York 14202
             rupp@ruppbaase.com
             davenport@ruppbaase.com
             (716) 854-3400

**Table of Contents**

Table of Contents .................................................................................................................. ii
PRELIMINARY STATEMENT .......................................................................................... 1
FACTUAL AND PROCEDURAL HISTORY ..................................................................... 1
POINT I ................................................................................................................................ 2
BECAUSE THE STIPULATED PRELIMINARY INJUNCTION GRANTED THE MAJORITY OF THE RELIEF SOUGHT, PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND EXPENSES UNDER 42 U.S.C. § 1988. ................................................................................ 2
   A. Under the circumstances of the case, Plaintiffs may be considered a prevailing party after having obtained a stipulated preliminary injunction. ................................................. 2
   B. The amendments to the relief sought do not change the fact that the Stipulated Preliminary Injunction granted the majority of the relief requested according to the Complaint. .................. 5
   C. This Court should award fees to Plaintiffs as the prevailing parties in this lawsuit, as the Stipulated Preliminary Injunction conserved the Court's resources, reduced the amount of legal fees and resources expended by both Plaintiffs and Defendants, and provided most of the relief sought by Plaintiffs. ................................................................................................. 5
POINT II ............................................................................................................................... 6
THE ATTORNEYS' FEES REQUESTED BY PLAINTIFFS ARE REASONABLE. ........ 6
   A. Plaintiffs' hours expended in responding to Defendants' opposition, including claims that it was untimely, should be compensable. ........................................................................... 7
   B. Plaintiffs' respectfully request attorneys' fees under 42 U.S.C. § 1988 for the legal work up to and through the Stipulated Preliminary Injunction. ................................................. 10
POINT III ............................................................................................................................ 12
AS THE PREVAILING PARTY, PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT FOR ALL REASONABLE EXPENSES INCURRED ........................................................ 12
CONCLUSION .................................................................................................................. 14

## PRELIMINARY STATEMENT

This action arose from a Chemung County's enforcement of Covid restrictions beyond the bounds permitted by law, which prohibited Plaintiffs from worshipping in accordance with their faith. The Stipulated Preliminary Injunction, entered on December 4, 2020, permitted Plaintiffs to host in-person services and prohibited Defendants from interfering with the exercise of Plaintiffs' First Amendment rights. The relief granted under the Stipulated Preliminary Injunction was a substantial portion of the relief requested, particularly for the duration of "Interim Guidance for Religious & Funeral Services During the Covid-19 Public Health Emergency" ("Guidance"), which was promulgated by the New York State Department of Health on June 26, 2022. Plaintiffs obtained the entirety of injunctive relief sought for the duration of the Covid-19 Public Health Emergency and should be duly awarded attorneys' fees as a prevailing party. Furthermore, Plaintiffs should not be denied fees because they conserved judicial and legal resources by entering into a stipulated agreement with defendants to obtain the full relief sought instead of forcing the proceeding to a preliminary injunction hearing before the Court. In addition, Plaintiffs should be awarded fees for opposing the defenses raised by Defendants which proved not to be meritorious and only served to prolong the litigation.

## FACTUAL AND PROCEDURAL HISTORY

The facts and procedural history underlying this matter and relevant to this motion are provided in the Declaration of R. Anthony Rupp III, dated October 29, 2021 (Dkt. 22-1) ("2021 Rupp Decl."); Declaration of Jodyann Galvin, Esq., (Dkt. 22-2), and the attached Declaration of R. Anthony Rupp III, Esq., dated September 30, 2022 ("2022 Rupp Decl."), with exhibits. The Court respectfully is referred to those documents, as the facts and procedural history will be stated only for emphasis, as needed.

## POINT I

## BECAUSE THE STIPULATED PRELIMINARY INJUNCTION GRANTED THE MAJORITY OF THE RELIEF SOUGHT, PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND EXPENSES UNDER 42 U.S.C. § 1988.

**A. Under the circumstances of the case, Plaintiffs may be considered a prevailing party after having obtained a stipulated preliminary injunction.**

Plaintiffs are the prevailing party in the current action. According to 42 U.S.C. § 1988, a court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." To be a prevailing party, a plaintiff "must obtain at least some relief on the merits of his claim . . . [and] must obtain an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Essentially, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12.

The Supreme Court has described achieving prevailing party status as a "threshold determination" with a "generous formulation," where plaintiffs will be considered prevailing parties "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted). Once a plaintiff crosses the "statutory threshold" as a prevailing party, it is left for the court to decide a "reasonable" fee. *See id.* For this determination, the extent of a party's success is a crucial factor. *See id.* at 440.

In *Husain v. Springer*, 579 F. App'x 3, 4-5 (2d Cir. 2014), college students filed suit against the college president alleging the president's action chilled their speech. The Second

Circuit found the students were a prevailing party due to the damages award in their favor, and further reasoning that they had achieved a primary goal of their lawsuit early in litigation when the president voluntarily agreed to repeal the offending student election rules.  *See id.* at 5.  Despite the voluntariness of the president's action, the Court reasoned it "would not likely have occurred but for this litigation, given that [she] repealed the rules only after a magistrate judge issued a report and recommendation advising the district court to enjoin [her] conduct."  *See id.*

In *Estiverne v. Esernio-Jenssen*, 908 F. Supp. 2d 305, 309 (E.D.N.Y. 2012), a plaintiff was considered a prevailing party as a result of a preliminary injunction that was granted because of a strong showing of irreparable harm and a "clear" likelihood of success on the merits.  The court reasoned that in evaluating the injunction, the "focus is on whether there was a 'material alteration of the legal relationship of the parties.'"  *See id.* (quoting *Buckhannon Bd. & Care Home v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)).  The court reasoned there was such an alteration because plaintiff was awarded the precise relief that the defendant had refused to provide prior to the injunction.  *See Estiverne*, 908 F. Supp. 2d at 309.

In accordance with the well-settled principles above, Plaintiffs are "prevailing part[ies]" under 42 U.S.C. § 1988.  The Stipulated Preliminary Injunction in this case materially altered the legal relationship between the parties, and the injunction would not have occurred but for the Plaintiffs' pursuit of litigation.  Defendants' conduct prior to litigation demonstrated that they would have continued unlawfully to interfere with Plaintiffs' First Amendment rights without the litigation and the threat of the Court's intervention.

In the Complaint, Plaintiffs sought to be allowed to reopen their church to the congregation to worship in accordance with their faith.  *See* Dkt. 1.  The Stipulated Preliminary Injunction allowed the Plaintiffs to host in-person religious services for the first time in more

3

than three months and it prohibited the Defendants from interfering unlawfully with the Plaintiffs' exercise of their First Amendment rights. *See* 2021 Rupp Decl. ¶¶ 4-20, Dkt. 22-1; *see also* Stipulated Preliminary Injunction, Dkt. 9. Plaintiffs have reopened the church and participated in live religious services under the protection of the Stipulated Preliminary Injunction and are still protected by that order to this day. *Id*.

Because it invokes the coercive powers of our legal system, the issuance of an injunction, whether preliminary or permanent, requires a court to consider the strength of the merits of the plaintiff's legal claim in addition to balancing other relevant factors. *See* FRCP 65(d)(1)(A); *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006). The Stipulated Preliminary Injunction entered here makes clear that this Court considered the merits of Plaintiffs' First Amendment challenge to the Defendants' closure of the church and requirements to reopen and that the entry of the Stipulated Preliminary Injunction was premised on the strength of the merits of Plaintiffs' case. Dkt. 9 ("The Court has reviewed the[ ] submissions, and finds that the plaintiffs have shown that their First Amendment and Fourteenth Amendment claims are likely to prevail."). Had the litigation proceeded to final judgment, Plaintiffs likely would have prevailed on the merits. The Stipulated Preliminary Injunction, in addition to the high likelihood Plaintiffs would have prevailed on the merits in a final judgment, firmly establish Plaintiffs as prevailing parties.

Furthermore, the fact that the Stipulated Preliminary Injunction has not yet ripened into a permanent injunction does not change Plaintiffs' status as a prevailing party. In *Homeaway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 584 (S.D.N.Y. 2021), the court held that a prevailing party retained its status where it received a preliminary injunction that lasted for more than eighteen months, during which time it guarded against the city's

infringement of Fourth Amendment rights and ceased to be effective only when the city adopted a new ordinance that rendered the offending local law obsolete. Similarly, here, the Stipulated Preliminary Injunction remained in effect for the duration of the Guidance at issue. Thus, the fact that the Covid-19 Health Crisis no longer is requiring enforcement of the same restrictions does not alter Plaintiffs' status as a prevailing party.[1]

**B. The amendments to the relief sought do not change the fact that the Stipulated Preliminary Injunction granted the majority of the relief requested according to the Complaint.**

The amended complaint adds additional state claims for defamation and libel seeking monetary damages only. It does not substantially change the equitable relief sought when the case was commenced. The Stipulated Preliminary Injunction granted the equitable relief sought, which was to allow Plaintiffs to attend their chosen place of worship during a time when they would have been otherwise prevented from doing do by the Defendants.

This fee application is requested for the work done up to and including the Stipulated Preliminary Injunction as well as for the work performed on the fee application itself. Accordingly, the Stipulated Preliminary Injunction should be recognized as the "significant" issue that Plaintiffs succeeded on in litigation and resulted in some of the benefit sought by Plaintiffs in suing. *See Hensley*, 461 U.S. at 433. In fact, the Stipulated Preliminary Injunction resulted in the very relief sought by Plaintiffs against Defendants for the duration of the Covid-19 Public Health Emergency.

**C. This Court should award fees to Plaintiffs as the prevailing parties in this lawsuit, as the Stipulated Preliminary Injunction conserved the Court's resources, reduced the amount of**

---

[1] "As courts have often held, a party prevails under § 1988 where it obtains a preliminary injunction against enforcement of a law that is later amended or repealed." *Homeaway.com*, 523 F. Supp. at 584.

**legal fees and resources expended by both Plaintiffs and Defendants, and provided most of the relief sought by Plaintiffs.**

The Stipulated Preliminary Injunction granted Plaintiffs the ability to use the church for the congregation to worship by forcing Defendants to abandon the onerous and unconstitutional requirements they had imposed on Plaintiffs. It did so on a negotiated basis, thereby conserving legal and judicial resources. Courts typically encourage early resolution of cases, and Section 1983 claims should be no different. If the Court were to adopt a rule that a stipulated preliminary injunction that provided the bulk of the relief requested in the Complaint did not confer prevailing party status on the plaintiff, it would force the plaintiff to continue the litigation to achieve an order or judgment that provided a basis for the award of legal fees.

Nor does the filing of an amended complaint change the analysis. The amended complaint asserts to defamation claims under state law. These claims could not have been brought initially because of state law notice of claim requirements. These claims seek money damages as opposed to injunctive relief. Thus, the Stipulated Preliminary Injunction awarded the full amount of injunctive relief sought by Plaintiffs, and Plaintiffs should be considered prevailing parties.

## POINT II
## THE ATTORNEYS' FEES REQUESTED BY PLAINTIFFS ARE REASONABLE.

Once a party has been established as a prevailing party, the court must calculate what constitutes a reasonable fee. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). While it is true that prevailing parties are not "invariably entitled" to an award of fees, "[t]his is because it is not the technical fact of prevailing party status, but the 'degree of success obtained' that determines a party's entitlement to a fee award and, relatedly, the reasonableness of the amount

of that award." *See Husain*, 579 Fed. App'x at 5. The factor of a party's success "is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *See Hensley*, 461 U.S. at 434. For an initial estimate of reasonable fees, the court should multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 433. To assist the court's determination, the party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *See id.*

In *Husain*, the outcome sought was the outcome prevailing plaintiffs received, which thereby provided support for the fee award in their favor. 579 Fed. App'x at 5. Here, the Stipulated Preliminary Injunction provided the exact relief Plaintiffs sought in terms of their First Amendment rights that had been violated by Defendants. As mentioned above, the Stipulated Preliminary Injunction resulted in the Plaintiffs' reopening their church and participating in live religious services—all under the protection of the Stipulated Preliminary Injunction that they are still protected by to this day. *See* 2021 Rupp Decl. ¶¶ 4-19; *see also* 2021 Rupp Decl. ¶39 and Ex. F thereto 2021 (Galvin Decl.). This was the main objective of the litigation at the time the lawsuit was commenced. The Plaintiffs achieved nearly all of their litigation goals.

For a full discussion of the reasonableness of fees, Plaintiff respectfully refers the Court to their previous filings as recited above and in the accompanying Declaration of R. Anthony Rupp III, Esq. In any event, based on rates for the district, the rates of $350 per hour for R. Anthony Rupp III and $250 per hour for Chad A. Davenport are reasonable. *See* Plaintiffs' 2021 Memorandum of Law, dated October 19, 2021, Dkt. 21-3, pp. 17-22.

**A. Plaintiffs' hours expended in responding to Defendants' opposition, including claims that it was untimely, should be compensable.**

Defendants raised the defense that Plaintiffs' fee application was untimely, and Plaintiffs were required to incur additional legal fees responding to that defense. Plaintiffs

7

prevailed on the timeliness issue when this Court found that the law was unclear, and that Plaintiffs would be allowed make this renewed fee application. *See* Dkt. Nos. 14-15.

Plaintiffs' counsel at all times acted in good faith in minimizing legal fees in the underlying matter and not twisting the knife once the Defendants agreed to a negotiated resolution.  Defendants knew from the negotiations over the Stipulated Preliminary Injunction that Plaintiffs had achieved their litigation goals and would seek legal fees.  While Defendants certainly were entitled to oppose the fee request any way they desired, a volume of case law put them on notice that Plaintiffs were entitled to fees not only for pursuing the injunction, but also for making and defending their fee application.  Thus, when Defendants chose to raise procedural defenses to the fee application, they either knew or should have known that requiring Plaintiffs to respond to them would only serve to increase the total amount of legal fees requested.

The rule that a prevailing party is entitled to recoup fees associated with making its fee request is commonsensical.  Otherwise, a prevailing party could win the battle but lose the war when the other side decides to litigate the fee application to the hilt knowing that the prevailing party will not recoup those fees.  To a greater or lesser extent, that is exactly what has happened here, where the dispute over legal fees in this matter has taken considerably longer than the entire underlying dispute took to resolve and has required the expenditure of significant legal resources by both sides.  If the Court were to conclude that Plaintiffs are not entitled to recoup the legal fees associated with litigating the fee issue (including the timeliness defense raised by the Defendants), the net effect would be to reduce the average hourly rate that Plaintiffs' counsel receives to litigate the entire matter.

Plaintiffs' counsel pursued this litigation to help a small non-profit entity obtain legal relief permitting its congregants to worship according to their beliefs. The pursuit of such relief is exactly the purpose of Section 1988 because it helps entities that would not otherwise be able to afford legal representation:

> [C]ivil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain. In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court.

*Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983) (*citing* S. Rep. No. 94-1011, p. 6 (1976)). If the purpose of Section 1988 fees is to ensure that litigants without the financial ability to pursue civil rights violations out of pocket will be able to find attorneys willing to take their case, that Congressional intent will be frustrated if the prevailing attorneys end up being forced to litigate strenuously over their fee application and are not fully compensated for doing so. That principle is especially applicable here, where the underlying issues were litigated efficiently to a successful resolution so early in the process that a significant percentage of Plaintiffs total legal fees have been incurred to pursue the fee claim. If those fees are not recouped under section 1988, the average hourly rate expended by Plaintiffs' counsel for all time devoted to this matter will be driven so low that it would not be cost effective to take on a case like this ever again.

The Second Circuit has held that "[t]he default rule, . . . is that '[p]revailing parties under Section 1988 are therefore entitled to recover a reasonable fee for preparing *and defending* a fee application.'" *Homeaway.com*, 523 F. Supp. At 593 (quoting *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017)) (emphasis added). Plaintiffs were required to defend

9

their fee application in part because the Defendants argued that it was untimely. Ultimately, Defendants' argument was rejected when this Court held that "the law in this circuit did not provide a clear directive to Plaintiffs that a preliminary injunction constituted a judgment that would trigger the 14-day filing deadline. It was reasonable for counsel to conclude that the motion was timely filed at the time it was made." Decision and Order, dated September 16, 2022, at *24 (Dkt. 35). Thus, under relevant precedent, Plaintiffs are entitled to recoup the fees associated with rebutting the timeliness defense as part of the presentation and defense of their fee application.

**B. Plaintiffs' respectfully request attorneys' fees under 42 U.S.C. § 1988 for the legal work up to and through the Stipulated Preliminary Injunction.**

The Court may, in its discretion, adjust the presumptively reasonable fee, calculated using the lodestar method, by excluding excessive, redundant, or otherwise unnecessary hours, and excluding hours spent pursuing a failed claim if it is unrelated to the plaintiff's successful claims. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona,* No. 07-CV-6304 (KMK), 2021 U.S. Dist. LEXIS 62863, 2021 WL 1222159, at *16 (S.D.N.Y. Mar. 31, 2021) (internal quotations and citations omitted). The fee may also be adjusted based on "'the results obtained.'"[2] *See id.* at *17 (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

Adjustment due to duplicative or vague time entries is not applicable to the current fee application. In *Congregation*, the court did not reimburse the prevailing party for duplicative fees, including excessive conferences between the multiple firms and multiple attorneys working the plaintiffs' case, unnecessary attendance of multiple attorneys at court

---

[2] "Indeed, 'the degree of success obtained' is '[t]he most important factor in determining a reasonable fee for a prevailing plaintiff.'" *Congregation*, 2021 U.S. Dist. LEXIS 62863, at *17 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998)).

10

conferences, and attendance of multiple attorneys at depositions. *See id.* at *20-25. The court reasoned these time entries were duplicative of effort that was likely "inevitable, if unintentional" due to the plaintiffs' co-counsel arrangement between multiple firms, that the presence of multiple attorneys at court conferences was unnecessary, and it was unclear why more than two attorneys would be required at depositions. *See id.* (internal quotations and citations omitted). The *Congregation* court also adjusted time entries for vagueness in the entries' descriptions and excessive block billing. *See id.* at *26-28.

        Here, Plaintiffs were singularly represented by the law firm of Rupp Baase Pfalzgraf Cunningham LLC with one partner and one associate performing most of the work in the lawsuit.[3] Plaintiffs' counsel worked efficiently and in good faith to pursue the relief sought by Plaintiffs—relief that was entirely awarded in the form of the Stipulated Preliminary Injunction. Plaintiffs have thoroughly combed through the time entries and sorted them to ensure they are not excessive or duplicative. Time entries are described in sufficient detail and reflect minimal block billing, such only occurring in a few instances where a project was particularly intensive.

        A fee may also be adjusted according to the degree of success obtained by the prevailing party. Most often fees are adjusted to decrease the fee award according to work done on unsuccessful claims by the prevailing party. *See id.* at *33. Again, Plaintiffs attained the exact relief sought by obtaining the Stipulated Preliminary Injunction. Not only does the

---

[3] An additional associate, Samuel L. Yellen, Esq., and law clerk, Margaret J. Drzewiecki, were later involved in the preparation of this third fee application. "The Second Circuit has held that 'attorneys' fees for the preparation of the fee application are compensable because' it encourages attorneys 'to act as private attorneys general in vindicating congressional policies.' *Reed* suggests no basis for distinguishing fees from prior fee applications from fees for a pending application." *Congregation*, 2021 U.S. Dist. LEXIS 62863, at *32 (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996).

11

Stipulated Preliminary Injunction demonstrate the fullness of Plaintiffs' success in pursuing litigation, but also shows Plaintiffs' efficiency and effort to conserve this Court's resources.

Based upon a renewed analysis of the attorneys' fees, Plaintiffs now submit the following amended requests for a fee award. For the legal work up to and through the Stipulated Preliminary Injunction the total hours and legal fees are: R. Anthony Rupp III, Esq., 56.1 hours at a rate of $350 per hour, and Chad A. Davenport, Esq., 88.2 hours at a rate of $250 per hour, for a total of $41,685.00. *See* 2022 Rupp Decl. ¶13 and Ex. A thereto. For the legal work responding to Defendants' opposition claiming that Plaintiffs' fee application was untimely, the amount of hours and legal fees are: R. Anthony Rupp III, Esq., 4.2 hours at a rate of $350 per hour, and Chad A. Davenport, Esq., 49.4 hours at a rate of $250 per hour, for a total of $13,820.00. *See* 2022 Rupp Decl. ¶14 and Ex. B thereto. Plaintiffs have decided that $12,645.50 in attorneys' fees are not attributable to the work done for the preliminary injunction and are not making a request for those fees at this time. *See* 2022 Rupp Decl. ¶15 and Ex. C thereto. Finally, for the legal work up to and through this fee application the total hours and legal fees are: R. Anthony Rupp III, Esq., 2.7 hours at a rate of $350 per hour, Samuel L. Yellen, Esq., a 2016 graduate of Columbia Law School, 24.2 hours at a rate of $250 per hour, and Margaret J. Drzewiecki, a 2022 graduate of SUNY Buffalo Law School, not yet admitted to the bar, 21 hours at a rate of $150 per hour for a total of $10,145. *See* 2022 Rupp Decl. ¶16 and Ex. D thereto.

## POINT III

### AS THE PREVAILING PARTY, PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT FOR ALL REASONABLE EXPENSES INCURRED

As part of a "reasonable attorneys' fee" under 42 U.S.C. § 1988, prevailing parties are also entitled to an award of "'reasonable out-of-pocket expenses incurred by the

12

attorney and which are normally charged to fee-paying clients.'" *Reichman v. Bonsignore, Brignati & Mazzota, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *see, e.g., LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (abuse of discretion not to award plaintiff reasonable out-of-pocket costs). The costs incurred by Rupp Baase Pfalzgraf Cunningham LLC are correctly reflected in the disbursement record. *See* 2022 Rupp Decl, Ex. E. Here, Plaintiffs request reimbursement for the filing-fee, service expenses, and Ms. Galvin's fee for her expert services supporting the reasonableness of the Plaintiffs' requested fee award. Attached to the 2021 Rupp Decl. as Exhibit F is an invoice received from Attorney Jodyann Galvin, Esq. for her services regarding plaintiffs' fee request. Dkt. 21-2. Such disbursements and costs are of the type normally charged to clients of Rupp Baase. These disbursements and costs were necessarily incurred in the litigation. The total disbursements and costs of Rupp Baase are $2,020.75. *See* 2022 Rupp Decl. ¶18 and Ex. E thereto.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' renewed motion for attorneys' fees should be granted, along with any and other relief that this Court considers just and proper.

Dated: September 30, 2022         **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
*Attorneys for Plaintiffs*


        *s/R. Anthony Rupp III*
        R. Anthony Rupp III, Esq.
        Chad A. Davenport, Esq.
1600 Liberty Building
Buffalo, New York 14202
rupp@ruppbaase.com
davenport@ruppbaase.com
(716) 854-3400