```
 1                 UNITED STATES DISTRICT COURT

 2                 WESTERN DISTRICT OF NEW YORK

 3

 4    - - - - - - - - - - - - - X
      LIGHTHOUSE BAPTIST CHURCH,
 5    INC, et al.                        20CV7000
                     Plaintiffs)
 6    vs.
                                     Rochester, New York
 7    CHEMUNG COUNTY, ET AL.          August 16, 2023
                     Defendants.          11:00 a.m.
 8    - - - - - - - - - - - - - X
      ORAL ARGUMENT
 9

10

11                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE ELIZABETH A. WOLFORD
12                 UNITED STATES DISTRICT JUDGE

13                 R. ANTHONY RUPP, III ESQ.
                   Rupp Pfalzgraf, LLC
14                 1600 Liberty Building
                   424 Main Street
15                 Buffalo, New York 14202

16

17                 VICTOR L. PRIAL, ESQ.
                   Smith, Sovik, Kendrick & Sugnet, P.C.
18                 250 South Clinton Street, Suite 600
                   Syracuse, NY 13202-1252

19

20

21

22

23

24    COURT REPORTER: Karen J. Clark, Official Court Reporter
                      Karenclark1013@AOL.com
25                    100 State Street
                      Rochester, New York 14614
```

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

2                    P R O C E E D I N G

3              *              *              *

4

08:55:01   5

08:55:01   6

09:13:10   7              THE CLERK:  We are on the record in the

11:14:43   8  matter of the Lighthouse Baptist Church Inc versus

11:14:47   9  Chemung County, et al, 20CV7000.

11:14:51  10              THE COURT:  All right.  Good morning,

11:14:52  11  everybody.  I don't think my microphone is on.

11:14:58  12              Let's have appearances for the record.

11:15:00  13              On behalf the Plaintiffs?

11:15:01  14              MR. RUPP:  Yes, good morning, your Honor.

11:15:03  15  Anthony Rupp, Rupp Pfalzgraf on behalf of the Plaintiffs

11:15:08  16  Lighthouse Baptist Church, et al.

11:15:11  17              THE COURT:  Good morning, Mr. Rupp.

11:15:13  18              MR. RUPP:  Good morning.

11:15:13  19              THE COURT:  And on behalf of the Defendants?

11:15:16  20              MR. PRIAL:  Victor Prial, Smith Sovik, on

11:15:18  21  behalf of the Defendants.

11:15:18  22              THE COURT:  How do you spell your last name?

11:15:23  23              MR. PRIAL:  P-r-i-a-l.  Trial with a P.

11:15:23  24              THE COURT:  That's easy.  Good morning, Mr.

11:15:25  25  Prial.

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

2            MR. PRIAL:  Good morning.

3            THE COURT:  So, this case is kind of a

4  procedural quagmire.  It's reminding me of a law school

5  exam question.  And let me tell you what my concern is

6  at this point.  And that is when issued my decision back

7  in September of '21 denying the first motion for fees

8  concluding that the motion was untimely based on the, I

9  think, it's the Tenth Circuit decision in Spirit -- or

10 Eighth Circuit decision in *Spirit Lake Tribe*, 5 F. 3d

11 849.  At that point in time, the complaint, as it stood,

12 only sought declaratory and injunctive relief.  And,

13 essentially, the preliminary injunction, arguably

14 granted the relief that was being sought in the

15 complaint.  And while the action was still pending, I

16 think one could argue that the issues that were pled at

17 that point in time had effectively been resolved, that

18 the Plaintiffs had obtained all of the relief that they

19 were presently seeking.  And it was also on that basis

20 that I was persuaded by the *Spirit Lake Tribe* case that

21 the motion needed to have been filed within 14 days

22 after the preliminary injunction was granted, but

23 nonetheless granted the extension of time to file a

24 motion.

25            So after I issued that decision, an amended

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:17:19   2   complaint was filed in November of 2021 as of right.

11:17:27   3   And that amended complaint no longer sought any

11:17:30   4   declaratory or injunctive relief, I think, thus,

11:17:34   5   confirming my sense that really, at the time the PI was

11:17:39   6   granted based on what was pled in that initial

11:17:42   7   complaint, that the relief had effectively been granted

11:17:46   8   that the Plaintiffs were seeking.  But then the

11:17:49   9   Plaintiffs had a right, because the Defense missed the

11:17:52   10  deadline to answer, and the Plaintiff certainly had the

11:17:58   11  right to file an amended complaint as of right, and they

11:18:01   12  did that in November of 2021, but now they were adding

11:18:06   13  additional causes of action and seeking damages.

11:18:12   14         And then, as we all know, in September of

11:18:16   15  2022, I issued another Decision and Order that addressed

11:18:20   16  various issues, and, among other things, granted the

11:18:24   17  Plaintiffs' application for leave to file a second

11:18:26   18  amended complaint, which was done, which even greatly

11:18:30   19  expanded beyond what was in the amended complaint the

11:18:33   20  causes of action that were being alleged.  And what I'm

11:18:37   21  having trouble, I guess, coming to a conclusion at this

11:18:46   22  point is that I can determine -- I mean, first of all,

11:18:50   23  there is the issue as to whether or not by obtaining a

11:18:53   24  stipulated preliminary injunction, does that make a

11:18:56   25  party a prevailing party.  And I think that is something

1    LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.
11:19:02   2    that nobody has cited any case law standing for that
11:19:05   3    exact proposition.  It is something that I would have to
11:19:08   4    resolve if the stipulated preliminary injunction was
11:19:18   5    granted and the complaint, as it initially stood, was
11:19:22   6    the only pleading that was left.  But because of these
11:19:26   7    additional causes of action, I now am also struggling
11:19:31   8    with how can I determine that the Plaintiffs are a
11:19:35   9    prevailing party at this point when there is additional
11:19:39  10    claims in the lawsuit.  And wouldn't the resolution of
11:19:42  11    these additional claims inform my conclusion as to
11:19:48  12    whether or not the Plaintiffs will ultimately be a
11:19:52  13    prevailing party?  And what was I particularly persuaded
11:19:56  14    by is a case that was issued relatively recently, it's
11:20:02  15    from the Eastern District of New York, and it's *IME*
11:20:07  16    *WatchDog, Inc versus Gelardi,* 2022 Westlaw 16636766
11:20:19  17    EDNY, November 2nd, 2022.  It dealt with attorney fee
11:20:23  18    application in a defend trade secrets case.  But it was
11:20:29  19    largely the same issues here, which is whether or not
11:20:32  20    the party that obtained the preliminary injunction was a
11:20:37  21    prevailing party.  And what the court said was, and this
11:20:40  22    is at page 3, quote, "The Court has not found any cases
11:20:45  23    nor has Plaintiff provided any in which a party has been
11:20:49  24    granted prevailing party status before establishing that
11:20:56  25    the party cannot obtain final judgment.  The Court notes

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:21:00   2   that in the cases considering attorney fees in which

11:21:04   3   prevailing party status was conferred after only a

11:21:11   4   preliminary injunction, the underlying cases were mooted

11:21:14   5   by the time the Courts ruled."

11:21:16   6          And that seems to largely be the case.  I

11:21:19   7   mean, all these cases where even the Eighth Circuit case

11:21:22   8   that I relied on, they all deal with situations where by

11:21:27   9   the time the attorney fees application is filed, even if

11:21:32   10   the case is still pending, the remaining claims have

11:21:36   11   been mooted because all of relief was effectively

11:21:40   12   granted with the preliminary injunction.  And I want to

11:21:42   13   give you each, I just want to tell you where I'm coming

11:21:45   14   at this from, and I'll give you each an opportunity to

11:21:48   15   respond.  But my inclination at this point is to again

11:21:52   16   deny the application for attorney fees without

11:21:54   17   prejudice, but at this point say it's premature until

11:21:57   18   the case is finally resolved.  Which I appreciate is

11:22:00   19   somewhat inconsistent with the previous finding that was

11:22:03   20   it was untimely, but at the time I found it was

11:22:06   21   untimely, the only claims being pursued by the

11:22:10   22   Plaintiffs were injunctive relief.  Now that the

11:22:14   23   Plaintiffs have amended their complaint and they are

11:22:16   24   seeking damages and additional causes of action, I think

11:22:20   25   we have to see how that all sorts out and that could

```
         1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.
11:22:26 2  strengthen and bolster the Plaintiffs' claim that
11:22:28 3  obtaining the preliminary injunction does make it a
11:22:31 4  prevailing party.  I mean, for instance, if the
11:22:34 5  Plaintiffs are successful with some of these other
11:22:36 6  causes of action and obtain damages against the
11:22:40 7  Defendants, I think that just further supports a finding
11:22:44 8  that the Plaintiffs are prevailing parties.  But if the
11:22:47 9  flip side of that occurs, if the Plaintiffs are not
11:22:49 10 successful with these other causes of action, then, it,
11:22:56 11 I think, calls into question whether or not a stipulated
11:23:00 12 preliminary injunction really could cause a party to be
11:23:04 13 a prevailing party.  And the other case that I was -- I
11:23:08 14 mean, all of the cases that are relevant have been cited
11:23:11 15 in my prior decisions, but other than that IME case that
11:23:15 16 I just gave you the cite for because that was just
11:23:17 17 decided.  But what I was persuaded by was the Husain
11:23:24 18 case from the Second Circuit, which is Husain v.
11:23:31 19 Springer, 579 F. Appx. 3 2014 case from the Second
11:23:37 20 Circuit.  One of the things that the Court looked at in
11:23:39 21 that case was whether or not -- in deciding whether or
11:23:42 22 not obtaining the preliminary injunction made the party
11:23:46 23 a prevailing party, the Court considered whether or not
11:23:55 24 the award of nominal damages should impact that
11:23:59 25 analysis.
```

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:24:01   2          But I want to give you each an opportunity

11:24:03   3   to respond to that and this was part of what I was

11:24:08   4   grappling with when I issued my last decision in

11:24:11   5   September of 2022.  And I think the additional filings

11:24:14   6   really haven't answered some of these questions.  I

11:24:18   7   mean, in other words, nobody has found any case where

11:24:22   8   just a stipulated PI was found to cause a party to be a

11:24:28   9   prevailing party.  I'm not saying it can't.  It very

11:24:31   10  well may justify a conclusion that a party is a

11:24:36   11  prevailing party.  But the other cases really support

11:24:39   12  the notion that you really have to wait, when you have

11:24:43   13  damages claims, you have to wait until the case is

11:24:46   14  resolved to make determinations whether a party is a

11:24:49   15  prevailing party.

11:24:50   16         I'll let you respond first, Mr. Rupp.

11:24:54   17         MR. RUPP:  Your Honor, the podium or table?

11:24:56   18         THE COURT:  You can sit at the table, that's

11:24:58   19  fine.

11:24:58   20         MR. RUPP:  Your Honor, I appreciate the

11:24:59   21  Court's summary there.  But I would respond in this

11:25:03   22  fashion.  That the amendment of the complaint, I mean,

11:25:07   23  took place after a lot of your Honor's orders had come

11:25:10   24  down that I believe were law of the case.

11:25:12   25         THE COURT:  Just one of them.  So the only

1 LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:25:15  2  one that was -- the amended complaint was filed as of

11:25:19  3  right in November of 2021 after my initial denial of the

11:25:23  4  application on the grounds that it was untimely.

11:25:25  5       MR. RUPP:  And Judge, you know, I honestly,

11:25:28  6  I'll be totally honest with the Court, I didn't see any

11:25:31  7  of this in opposing counsel's opposition papers to the

11:25:37  8  motion, I'm not sure I am fully prepared to address.

11:25:41  9       THE COURT:  This was addressed in my

11:25:42  10 decision of September of 2022.  I specifically said the

11:25:47  11 parties need to address, number one, is a stipulated PI

11:25:50  12 sufficient for prevailing party status; and two, how

11:25:53  13 does the filing of the amended -- second amended

11:25:57  14 complaint or amended complaint and these additional

11:26:02  15 claims impact that analysis.

11:26:03  16       MR. RUPP:  And, Judge, I would say it

11:26:06  17 doesn't impact them at all because that was a permissive

11:26:09  18 amendment to the claim.  We could have sued.  They are

11:26:12  19 very, very different causes of action.  They sound in

11:26:17  20 defamation primarily.

11:26:18  21       THE COURT:  Not your first amended

11:26:19  22 complaint.  So your first amended complaint added some

11:26:22  23 additional constitutional claims, but what it

11:26:25  24 essentially did, in my view, is it replaced the

11:26:28  25 injunctive relief that was being sought with the damages

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:26:33   2   claims.  It wasn't until the second amended complaint

11:26:37   3   that the defamation/libel claims got added.

11:26:44   4         MR. RUPP:  Judge, it's our view that there

11:26:46   5   are really different issues here.  The first issue was

11:26:48   6   the crux of the original complaint and the one on which

11:26:51   7   we've been seeking fees.  And it had to do with

11:26:55   8   reopening the church preventing the county from imposing

11:26:59   9   requirements on the church that transcended those that

11:27:02   10  were being put out by the New York State Department of

11:27:05   11  Health.  And on that self-contained complaint, which was

11:27:07   12  the basis for the first fee award, and the basis for all

11:27:10   13  three motions now, we were, and I believe have

11:27:13   14  demonstrated, that we were the prevailing party.

11:27:15   15        THE COURT:  But do you have any case where a

11:27:21   16  court has decided prevailing party status mid lawsuit

11:27:26   17  when there are claims that remain in the lawsuit,

11:27:32   18  including, in this case, some of the same causes of

11:27:35   19  action where the parties -- the Plaintiffs are just

11:27:38   20  seeking now damages as opposed to injunctive relief?

11:27:42   21        MR. RUPP:  Judge, I don't know that we do

11:27:44   22  have a case cite.  We cited the *Estraverne* case where

11:27:48   23  the Plaintiff was considered a prevailing party as a

11:27:51   24  result of a preliminary injunction that was granted.  I

11:27:55   25  don't know from the recitation of the memorandum of law

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:27:58   2   where that case went from there.  I would say, Judge,

11:28:01   3   that, you know, if -- what I'm struggling with, if we

11:28:05   4   could have simply sued a separate case against the

11:28:09   5   County of Chemung as opposed to amending the complaint,

11:28:12   6   apparently, from what I'm hearing from the Court, that

11:28:14   7   would have resolved the issue.  Then the Court would

11:28:16   8   have gone on to determine whether a stipulated

11:28:19   9   preliminary injunction is as good as one that is earned

11:28:22   10  in opposition.  I would submit from all of the briefing

11:28:24   11  that we have provided to the Court that it is.  In fact,

11:28:27   12  it should be encouraged because it's more efficient for

11:28:31   13  the parties; less legal fees, less use of court

11:28:37   14  [resources if you settle a case, that should always be

11:28:38   15  encouraged, so we would be the prevailing party.

11:28:40   16         I don't think then on the self-contained

11:28:43   17  complaint, which was the basis for the first fee

11:28:45   18  request, which came in before the amendment, that there

11:28:48   19  should be any question that we are the prevailing party

11:28:52   20  and none of the Court's issues would have arisen.  So

11:28:55   21  the fact that there was then this permissive addition of

11:29:00   22  new claims, I don't think, should affect the analysis

11:29:03   23  because that is just elevating the procedural form over

11:29:06   24  the substance.  Again, if we could have sued a separate

11:29:11   25  case as opposed to just keeping the vehicle alive that

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:29:14  2  we already had commenced, and the Court would have then

11:29:19  3  gone on to award fees based on the stipulated injunction

11:29:22  4  for the termination of all of the relief requested in

11:29:25  5  the first complaint, we would satisfy all of the

11:29:28  6  conditions the Court mentioned.  Beyond that, Judge,

11:29:30  7  there are opportunities, and we didn't address it here

11:29:34  8  because I didn't think it was really before the Court,

11:29:37  9  but it is not the case always that a party is entitled

11:29:42  10  to prevailing party status and a consideration of legal

11:29:46  11  fees only at the end of the case.  There are instances

11:29:49  12  where achieving significant relief --

11:29:52  13          THE COURT:  But the cases I've seen, and I

11:29:56  14  agree with you, I absolutely agree with you.  But the

11:29:59  15  only cases I've seen is where achieving that relief

11:30:02  16  through a preliminary injunction effectively moots the

11:30:06  17  rest of the claims.

11:30:07  18          MR. RUPP:  Well, Judge, and I think it did

11:30:10  19  effectively moot --

11:30:11  20          THE COURT:  But you amended the complaint.

11:30:12  21  The Plaintiffs are the ones that decided --

11:30:14  22          MR. RUPP:  I understand that, Judge.

11:30:15  23          THE COURT:  Don't interrupt me, Mr. Rupp.

11:30:18  24          MR. RUPP:  I'm sorry.

11:30:18  25          THE COURT:  The Plaintiffs are the ones that

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:30:20  2  decided to take the step of amending the complaint to

11:30:23  3  assert some of the same causes of action that were in

11:30:26  4  the original complaint, but, instead, to seek damages

11:30:29  5  for those causes of action, instead of, for instance,

11:30:33  6  commencing a totally separate lawsuit.  So, the

11:30:36  7  Plaintiffs are the captains of the ship, so to speak.

11:30:41  8  It's their lawsuit.  They are the ones that took these

11:30:45  9  procedural steps.  But now I have a statute that says

11:30:48  10  you can obtain attorney's fees when you're a prevailing

11:30:51  11  party, but there is all of the case law suggesting that

11:30:56  12  it would be premature to determine prevailing party

11:30:59  13  status where you have claims that are yet to be

11:31:03  14  resolved.  And it could be that if the Plaintiffs end up

11:31:06  15  losing with respect to all of their other causes of

11:31:09  16  action that they've now asserted, that that could

11:31:13  17  influence how I resolve the prevailing party status of a

11:31:16  18  party that obtains a preliminary injunction by

11:31:20  19  stipulation because of the fact that there are no cases

11:31:23  20  finding a party to be a prevailing party where they

11:31:28  21  obtain a stipulated preliminary injunction.

11:31:31  22          MR. RUPP:  Judge, I would respond to that by

11:31:34  23  saying, again, that I think the purpose behind 42 U.S.C.

11:31:37  24  section 1988 fees is to encourage attorneys to take

11:31:44  25  cases on behalf of clients who have had their

1 LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:31:47  2 constitutional rights violated where they otherwise

11:31:50  3 would not have access to the legal process.  And I don't

11:31:53  4 think amending the complaint really should be a gotcha.

11:31:57  5 If we could have, and I think the Court might be mostly

11:32:00  6 there with us, moved for the fees and obtained them

11:32:04  7 based on achieving all of the relief that we requested

11:32:07  8 in the initial complaint, and could have gotten our fees

11:32:12  9 then, I don't think it's fair, in the absence of any

11:32:15  10 case law saying this, to say then, well, if you amend

11:32:18  11 the complaint to add additional theories, including

11:32:21  12 state law claims for defamation, now you've taken

11:32:25  13 yourself out of getting the fees on that self-contained

11:32:28  14 complaint that you initially moved for.

11:32:30  15         THE COURT:  Well, I'm not saying that you've

11:32:32  16 taken yourself out of getting the fees.  I think it

11:32:35  17 causes the application to arguably be premature.

11:32:39  18         MR. RUPP:  Well, Judge, and that is where, I

11:32:41  19 guess, in the absence of case law saying that --

11:32:44  20         THE COURT:  All of the case law says you

11:32:46  21 determine prevailing party status at the end of the

11:32:49  22 case.  There is an exception if you obtain,

11:32:53  23 substantially, what you were seeking and the rest of the

11:32:56  24 claims in the lawsuit are moot.

11:32:58  25         There is no case supporting an award of

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:33:01   2   attorney's fees in this particular circumstance, both

11:33:05   3   stipulated preliminary injunction and where you have

11:33:11   4   viable causes of action that remain for damages that

11:33:14   5   have yet to be resolved.

11:33:16   6           MR. RUPP:  Judge, if I may, I think the

11:33:18   7   chronology here is important.  At the time we moved for

11:33:21   8   the fees in an application that your Honor ultimately

11:33:23   9   concluded was timely, the only complaint that was before

11:33:26   10   the Court was the one on which we believe we had

11:33:30   11   prevailed by achieving the stipulated preliminary

11:33:33   12   injunction.

11:33:33   13           THE COURT:  No, that is not correct.  That

11:33:35   14   is not correct.

11:33:35   15           MR. RUPP:  I'm sorry.

11:33:36   16           THE COURT:  Because there was the initial

11:33:39   17   application for fees that I denied as untimely.

11:33:42   18           MR. RUPP:  Right.  But your Honor ultimately

11:33:45   19   concluded it was timely.

11:33:47   20           THE COURT:  No, no.  I gave you an extension

11:33:49   21   of time to file that application.  And once you did

11:33:51   22   that, you had already amended the complaint.

11:33:54   23           MR. RUPP:  All right.  Judge, I guess I lose

11:33:56   24   on the chronology, too.  The last point I will make in

11:33:59   25   response to this is I just think that using a permissive

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:34:03  2  joinder situation amending our complaint as of right to

11:34:07  3  take us out of a situation where, on that first

11:34:11  4  self-contained complaint, we were entitled to fees,

11:34:13  5  really defeats the purpose of section 1988 fees.

11:34:17  6          THE COURT:  You're making a big leap there

11:34:19  7  to say you were entitled to fees because there has been

11:34:22  8  no case that anybody has cited nor have I made a

11:34:25  9  decision that a stipulation to enter a preliminary

11:34:33  10  injunction causes a part to be a prevailing party.

11:34:35  11          MR. RUPP:  Judge, I always thought that then

11:34:37  12  would force parties to litigate a matter that they have

11:34:41  13  already settled only to achieve a status under Section

11:34:42  14  1988, I don't think that is the purpose of the statute.

11:34:45  15          THE COURT:  I don't disagree with you.  Look

11:34:47  16  it, I'm not suggesting to you that any of this makes a

11:34:50  17  lot of sense.  I'm not suggesting to you that this

11:34:53  18  couldn't cause, at the end of the day, the attorney's

11:34:55  19  fees that the Plaintiff's are entitled to be

11:35:03  20  significantly larger than what they are right now.  That

11:35:06  21  is why I called it at the beginning it is kind of a

11:35:09  22  procedural quagmire because this could really ratchet up

11:35:15  23  the attorney fees that the Plaintiffs are able to seek.

11:35:19  24          MR. RUPP:  Judge, I appreciate that concept,

11:35:21  25  but the problem with it is that we commenced this action

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:35:24  2  back in, I believe, 2020, and we achieved the relief

11:35:24  3  that we sought.  We then spoke to the client about

11:35:36  4  pursuing essentially different and additional claims,

11:35:36  5  always in the belief we had gotten them a great result.

11:35:40  6  We had won for them, vindicated their constitutional

11:35:43  7  rights, conserved judicial resources, that we were

11:35:46  8  entitled to fees.  We then moved for the fees in what we

11:35:50  9  thought was a timely application.  And, you know, now to

11:35:52  10  find that on these other theories that we could have

11:35:56  11  asserted in a separate action, that would have taken

11:35:59  12  care of, I think, every procedural question the Court

11:36:01  13  has raised, we could have done that.  But by not doing

11:36:04  14  that, we somehow now have walked our way out of what

11:36:08  15  your Honor has not ruled in our favor, but what I

11:36:12  16  believe was a very strong application for fees.  And

11:36:14  17  that is where I think in the absence of cases that say

11:36:17  18  that is the result, this Court would have both the power

11:36:30  19  and I believe the motivation to say yes.  Why if they

11:36:31  20  could bring the claims in a separate lawsuit, would this

11:36:33  21  Court conclude --

11:36:33  22          THE COURT:  I guess where I'm quarrelling

11:36:34  23  with you Mr. Rupp, among other things, you're saying in

11:36:38  24  a separate lawsuit, and the reality is that the claims

11:36:41  25  in the second amended complaint and the causes of action

1 LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:36:41  2  in the original amended complaint are some of the same

11:36:59  3  causes of action.  So it's not as though these are

11:37:02  4  totally different causes of action, it's not as if they

11:37:06  5  are libel causes of action.

11:37:07  6        MR. RUPP:  Judge, if I may, my firm is bled

11:37:11  7  dry because of these causes of action.  We've spent

11:37:15  8  considerably more in trying to establish our right to

11:37:17  9  fees than the entire case was worth.  We haven't been

11:37:19  10  paid in three years.  We're representing a

11:37:22  11  not-for-profit and they cannot pay us.  I'm being bled

11:37:23  12  absolutely dry.  And I understand that is not the

11:37:25  13  Court's intention and you're raising valid procedural

11:37:26  14  issues.

11:37:26  15        THE COURT:  Look, it I don't make the law,

11:37:28  16  Mr. Rupp.

11:37:29  17        MR. RUPP:  I know, but I'm asking the Court.

11:37:31  18        THE COURT:  1988.  There is nothing in 1988

11:37:34  19  because that is where these attorney fees applications

11:37:38  20  are pursued.  And it's always under circumstances where

11:37:43  21  the Plaintiffs' attorneys are taking on, in many cases,

11:37:47  22  very worthy causes advancing the civil rights of the

11:37:50  23  Plaintiffs.  And yet there is nothing in that law

11:37:53  24  allowing for interim awards of attorney fees, it's only

11:37:59  25  if you are the prevailing party.

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:38:01  2      MR. RUPP:  Judge, what I'm asking the Court

11:38:03  3  is the additional state law causes of action, I think,

11:38:06  4  were permissive joinder situation, they are entirely

11:38:10  5  different.  If I were to drop the amended damages, there

11:38:15  6  has been no discovery that has happened on those

11:38:18  7  theories, to my knowledge, there has been no prosection

11:38:21  8  of that case while we've been waiting to see whether we

11:38:26  9  can get an injection of additional fees into the case.

11:38:29  10  If, for example, if I were to agree to drop those

11:38:31  11  amended causes of action and just restore the complaint

11:38:34  12  to the original application, which was for the

11:38:38  13  injunctive relief to get the church back open --

11:38:40  14      THE COURT:  You would have to get the

11:38:42  15  Court's permission to do that.

11:38:43  16      MR. RUPP:  Right.  And if I were to move for

11:38:45  17  that, I'm wondering if that would restore the status quo

11:38:49  18  ante that was the situation when we first filed for the

11:38:52  19  fee request, and put us in a position for the Court to

11:38:55  20  determine the question, which I realize remains at

11:38:58  21  issue, which is whether a stipulated preliminary

11:39:02  22  injunction entitles us to prevailing party status.  And

11:39:08  23  at that point we would let the permissive part -- it's

11:39:08  24  possible the state law claims would be, you know,

11:39:11  25  dismissed because there would be no longer a basis for

1    LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

2    federal jurisdiction.  We don't think we're entitled to

3    legal fees on the defamation claims.  One of the things

4    your Honor said, the fee award could go larger and could

5    help the Court to determine who prevailed.  The

6    defamation and the other state law claims we asserted --

7        THE COURT:  But you have constitutional

8    claims that you're now seeking damages.

9        MR. RUPP:  I'm saying if we were to drop the

10   damages claims and pursue -- my belief, Judge, when I

11   spoke to the clients and my colleagues about this is the

12   main thrust of the two amendments, from our perspective,

13   is a state law claim.

14       THE COURT:  But the first amendment didn't

15   have any defamation in there.

16       MR. RUPP:  I understand, Judge.  But as we

17   came up with the better theory and asserted the now

18   governing second amended complaint, that was the horse

19   that wanted to ride.  That is a pure state law claim.  I

20   don't know that its outcome would really inform the

21   Court on a prevailing party status.  And I believe if we

22   dropped the damages claims under the federal theories,

23   probably this Court, you know, would send, under the

24   circumstances, us onto state court to resolve the

25   defamation claim there no longer being any federal

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:40:21   2   question.  And I guess my question would be would the

11:40:22   3   Court be willing to entertain such a motion, which I

11:40:24   4   believe would rectify the situation where the amendments

11:40:27   5   don't -- because there has been no real legal -- we're

11:40:30   6   not claiming the legal involved in asserting those, that

11:40:35   7   is not before the Court.  What is before the Court now

11:40:37   8   is just the legal with respect to the preliminary

11:40:41   9   injunction.  And if the Court would allow us to take

11:40:44   10   that step and entertain a motion for us to drop those

11:40:47   11   theories, if that would not reflect negatively on our

11:40:51   12   fee application, then I think, you know, on behalf of my

11:40:55   13   client and my law firm, that we would take that step to

11:40:59   14   rectify some of the procedural issues your Honor has

11:41:02   15   indicated.  Because, otherwise, based on what your Honor

11:41:04   16   has said this morning, we might be looking at, you know,

11:41:07   17   several more years of litigation for a not-for-profit

11:41:11   18   that can't pay us on a case that we thought anyway was

11:41:15   19   going to be a relatively quick result, which we achieved

11:41:18   20   with a stipulated injunction.  And now the fee requests

11:41:22   21   have dragged on for, not any fault of the Court,

11:41:24   22   certainly, but from my perspective as the principal of

11:41:28   23   the firm, the fee requests have dragged on and become

11:41:31   24   twice as expensive as handling the underlying case.  And

11:41:35   25   I'm throwing it out there, and I know the Court doesn't

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:41:38  2  give legal advice, I would be willing to take that step

11:41:41  3  for the simple reason, it was always the defamation case

11:41:45  4  that we really wanted to pursue with the amendments.

11:41:49  5  Yes, like all attorneys do, we have other theories in

11:41:51  6  there that would entitle us to damages, but it was

11:41:51  7  defamatory aspects of what happened, and we could pursue

11:41:58  8  those.  We could have pursued those in state court.  And

11:42:01  9  we could have pursued those in a separate lawsuit and

11:42:01  10  not done the amending process that has caused the

11:42:07  11  Court's concerns this morning.  I think I have a way to

11:42:11  12  rectify that, perhaps resolve the federal case and bring

11:42:14  13  us back to a pure situation where the Court could rule

11:42:17  14  on whether the stipulated preliminary injunction

11:42:19  15  entitles us to prevailing party status or not.

11:42:23  16          THE COURT:  So, I think that if you took

11:42:26  17  steps that ultimately we'd have to get the defense view

11:42:30  18  of this and you'd have to get court approval, but if you

11:42:34  19  took steps to discontinue, essentially, the federal

11:42:39  20  claims, and to dismiss without prejudice the state

11:42:45  21  claims to be reasserted presumably in state court, then

11:42:50  22  we would be at the point where the case would be

11:42:54  23  resolved.  And I could determine then that ultimate

11:42:58  24  issue as to whether or not a stipulated preliminary

11:43:01  25  injunction under these circumstances entitle the party

1    LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.
11:43:04    2    to prevailing party status.  And, as I said, I'll tell
11:43:07    3    defense counsel this, I haven't resolved that issue, but
11:43:10    4    my inclination is I agree with the logic of the
11:43:13    5    Plaintiffs' argument here, which is that just because
11:43:18    6    you have such a strong preliminary injunction, but
11:43:26    7    you're fighting on the merits, but stipulates on the
11:43:28    8    merits to factual findings being made by the Court, it
11:43:32    9    seems to me that the purpose behind being a prevailing
11:43:37    10   party under 1988 fits in that situation and that the
11:43:44    11   Plaintiffs should be entitled to some award of fees.
11:43:47    12   Now, what the amount is and what the hourly rate is, et
11:43:51    13   cetera, you know, something that we have to sort
11:43:53    14   through.  And I agree that the hourly rates in this
11:44:00    15   district for an award of fees in a civil rights context
11:44:04    16   are lower than what the reasonable prevailing rate is in
11:44:09    17   a lot of other contexts.
11:44:11    18            But, I guess, Mr. Prial, what is your
11:44:37    19   position?
11:44:38    20            MR. PRIAL:  The more I sit here listening to
11:44:40    21   Mr. Rupp, the more I thought I would stay quite.
11:44:45    22            No, but in all seriousness, Judge.  A few
11:44:49    23   points.  I don't think that the history behind the
11:44:55    24   stipulated injunction is such that, you know, the County
11:45:00    25   just thought they had such a strong motion.  It was that

1 LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:45:04 2 they were going to get the compliance they were looking

11:45:07 3 for during the middle of the pandemic.

11:45:10 4 　　　　THE COURT:  Why did they agree to certain

11:45:12 5 factual findings.  You could have a stipulated

11:45:15 6 preliminary injunction without the factual findings that

11:45:17 7 were included in that stipulation.

11:45:19 8 　　　　MR. PRIAL:  There is an easy answer for it,

11:45:22 9 Judge, is Plaintiff's counsel drafted it.  And I

11:45:25 10 understand there was some negotiation, but I think the

11:45:27 11 county is also under a lot of stress.  They don't have a

11:45:32 12 huge law firm working for them, at least they didn't at

11:45:35 13 the time.  And they wanted to get to the ultimate

11:45:37 14 result.

11:45:38 15 　　　　THE COURT:  But they signed a stipulation

11:45:40 16 that, among other things, included this paragraph, which

11:45:43 17 says, "The Court also has reviewed these submissions and

11:45:47 18 finds that the Plaintiffs have shown that their 1st

11:45:50 19 Amendment and 14th Amendment claims are likely to

11:45:53 20 prevail.  That denying them the relief they seek would

11:45:57 21 lead to irreparable injury.  And that granting relief

11:46:01 22 would not harm the public interest.  They didn't have to

11:46:05 23 sign something saying that.

11:46:06 24 　　　　MR. PRIAL:  I agree, Judge, but, however,

11:46:08 25 it's still a stipulated injunction.  And I also would

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

2   agree with counsel, I didn't find a case either that

3   said, you know, that dealt with the specific stipulated

4   injunction.  I did find multiple cases that did have

5   stipulated injunctions that were at issue, however, it

6   was not at this procedural stage.  You probably saw the

7   same cases.  Where the issue was what did the injunction

8   say.  In a lot of those cases, or at least one that I

9   recall, the issue was the fees that were called for in

10  the injunction itself.  And here we don't have it.  It

11  says the Court may award fees.  And I do recall that

12  there was some discussion over that specific language.

13              But, Judge, if I could just quickly on the

14  chronology, I mean, I'm agreeing with my adversary here

15  that I think you have the initial pleading as a

16  stand-alone issue.  I see it, and I don't think -- and

17  no court, that is probably why there isn't any court

18  that has done this, because those issues were resolved.

19  That is what the county certainly thought, you know.  In

20  entering into it they thought, we're done with this.

21  Let's move on.  And then we have the amended complaint.

22  I don't see the connection just because it's the same

23  caption between those claims.  You have, in my mind, you

24  have a cut off after that initial, as Mr. Rupp called

25  it, self-contained pleading, where they didn't seek

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.
2  nominal damages, or, I'm sorry, they didn't seek
3  compensatory damages.  And then the later complaint,
4  following the injunction, the injunction is the thing
5  that would ultimately give prevailing party status.
6  Right.  It's not anything after that.
7          I mean, if we were to continue on and carry
8  on this entire case, Plaintiffs are certainly free under
9  1988 case to make another application for fees.  This
10  application of fees is simply based on their view they
11  are the prevailing party under that injunction.
12          THE COURT:  But, I guess, I'm confused as to
13  what you're arguing.  I mean, in other words, there is
14  no case that I have seen that determines prevailing
15  party status in the middle of a lawsuit.  But you seem
16  to be supporting that I could do that.
17          MR. PRIAL:  Correct, Judge.  Well, I don't
18  know if the case law provides for that specific
19  authority, but I don't know that it doesn't.
20          THE COURT:  Well, it doesn't.  You know, my
21  last decision in September of 2022, I specifically said,
22  hey, folks, let's address it.  Nobody cited any case law
23  about it.  I cited case law saying that you can't
24  determine it mid stream unless all of the pled claims
25  are moot and there is no case supporting that.

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:49:06   2        MR. PRIAL:  Right.  All of -- what I'm

11:49:08   3  saying, all of the pled claims at that point in time of

11:49:12   4  the injunction.  And I think that Mr. Rupp is saying the

11:49:15   5  same thing.  I obviously have to speak to my clients,

11:49:27   6  but the concept of dropping the compensatory federal

11:49:28   7  claims would probably be okay with us.  If we are

11:49:30   8  talking about cutting it off and putting us back in the

11:49:32   9  position of where we were in November of 2020, I'm

11:49:34  10  assuming that would be okay with my clients.  And then

11:49:36  11  the concept -- if the concept then is who is the

11:49:39  12  prevailing party at that point in time, then, you know,

11:49:45  13  that makes sense to me.

11:49:46  14        THE COURT:  And I take it your clients would

11:49:48  15  not be arguing that the discontinuance of the

11:49:52  16  constitutional claims for damages or the discontinuance

11:49:57  17  of the state law claims would -- let me finish the

11:50:01  18  question -- would be taken into consideration by the

11:50:05  19  Court in determining who the prevailing party is.

11:50:08  20        MR. PRIAL:  Right.  I don't think that would

11:50:10  21  be fair.

11:50:12  22        THE COURT:  Okay.  Here is what I'm going to

11:50:14  23  do.  And I don't want to make more work for anybody.

11:50:18  24  But, with the pending motion as it exists right now with

11:50:21  25  the second amended complaint, I'm denying it without

1   LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:50:25   2   prejudice with leave to renew.  You can work on a

11:50:28   3   stipulation that would resolve the federal claims,

11:50:35   4   presumably discontinue the constitutional claims seeking

11:50:39   5   money damages with prejudice, I guess, because the

11:50:44   6   Plaintiffs, you could say right in there, the Plaintiffs

11:50:48   7   have obtained all of the relief they were seeking

11:50:51   8   basically through the granting of the preliminary

11:50:55   9   injunction.  And then discontinuing the state law claims

11:50:58   10   without prejudice to be re-filed in state court.  And I

11:51:02   11   would make sure that you're all on the same page in

11:51:05   12   terms of when that filing would have to be from a

11:51:08   13   timeliness statute of limitations perspective.  And if

11:51:12   14   you agree on something, present it to me, then I -- what

11:51:18   15   I would also suggest you do in that stipulation is that,

11:51:23   16   indicate that upon the approval of that, that the most

11:51:28   17   recent application for attorneys fees, which was filed

11:51:33   18   at docket 37, should be deemed renewed and you don't

11:51:48   19   have to resubmit anything.  In other words, it can just

11:51:51   20   -- if I approve this stipulation, then that motion for

11:51:54   21   attorney fees would be deemed renewed.  And as far as

11:51:58   22   I'm concerned, I think it's briefed.  I don't think

11:52:03   23   anybody is suggesting that we need to have a hearing on

11:52:05   24   either the prevailing party status or the amount of the

11:52:09   25   fees, but I want to check with both of you.

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:52:11  2          Do you agree with that, Mr. Rupp?

11:52:13  3          MR. RUPP:  I would only support a hearing if

11:52:15  4  the Court thought it was necessary, so I would say no.

11:52:18  5          THE COURT:  Mr. Prial.

11:52:19  6          MR. PRIAL:  Agreed, Judge.  And that was

11:52:21  7  going to be part of my argument that there was never any

11:52:27  8  hearing.  We could still have oral argument on the

11:52:29  9  motion.

11:52:29  10          THE COURT:  We could have oral argument on

11:52:32  11  the motion if you would like to do that.  I know we

11:52:33  12  haven't addressed the amount of the fees.

11:52:35  13          MR. PRIAL:  And I would have arguments

11:52:38  14  opposing prevailing party status.

11:52:41  15          THE COURT:  We can certainly do that.  But

11:52:43  16  what I would suggest is you incorporate, basically upon

11:52:46  17  my approval of the stipulation, that the motion would be

11:52:49  18  deemed renewed, the papers would be filed as they

11:52:52  19  currently exist, and I would reference those docket

11:52:56  20  numbers.  And then if I approve that stipulation and so

11:52:59  21  order it, then I would set an oral argument date on the

11:53:03  22  motion.

11:53:03  23          But at that point, that way, the case would

11:53:07  24  have reached a conclusion.  And, therefore, I wouldn't

11:53:12  25  feel hamstrung in deciding this issue by what I'm seeing

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:53:15   2  in the case law.  Does this make sense to everybody?

11:53:18   3       MR. RUPP:  It does.  And I appreciate your

11:53:20   4  Honor walking through that with both of us.  I do

11:53:23   5  obviously need to check with the client and co-counsel

11:53:25   6  and the firm and see if I'm correct in my recollection

11:53:28   7  that it's really the defamation case, which is a state

11:53:34   8  case, that we wanted to ride here.

11:53:37   9       THE COURT:  I still go back to the fact

11:53:38  10  that, look it, if the Plaintiffs decided they were going

11:53:42  11  to pursue the constitutional claims for damages and if

11:53:45  12  they ultimately recover damages, even potentially

11:53:48  13  nominal damages on the constitutional claims, I think

11:53:51  14  that is a factor the Court can take into account in

11:53:54  15  determining prevailing party status.  And this is why I

11:53:59  16  think it doesn't make a lot of sense, because at that

11:54:02  17  point, the attorney fees are going to be significantly

11:54:05  18  higher than they are right now.  So the risk to the

11:54:08  19  Defendants is, in my view, a serious one here.  I

11:54:11  20  understand what you're saying, Mr. Rupp, that your firm

11:54:13  21  has been carrying this lawsuit, and I'm sure that is a

11:54:16  22  financial strain.  I get it.  I was in private practice,

11:54:19  23  was in a small firm, I understand that.  But I really

11:54:23  24  think from a logical perspective here there is a real

11:54:27  25  risk to the Defendants that they could be facing a

1 LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:54:30 2 significant fee award if this case were to play out in

11:54:35 3 the normal course.  That is why in my original decision

11:54:42 4 I suggested the parties should try to mediate this

11:54:45 5 because I don't know that it's realistic for the

11:54:47 6 Defendants to think that there is not going to be a fee

11:54:51 7 award here.  I think it's really going to be a question

11:54:54 8 of what the amount might be.  And so the longer this

11:54:58 9 thing gets litigated, the longer there is a contest over

11:55:05 10 the fee application and what it should be and we have

11:55:09 11 another oral argument and so forth, and I think it just

11:55:13 12 makes the fees go up.

11:55:16 13        But I'm not going to set a deadline for

11:55:20 14 this.  It's up to you to decide how you want to pursue

11:55:25 15 it.  But if you present a stipulation that everybody

11:55:28 16 agrees to along the lines of what we talked about here,

11:55:31 17 then I would envision myself approving that and then

11:55:35 18 setting oral argument.

11:55:36 19        MR. PRIAL:  And if not, we're just back here

11:55:39 20 again on the same motion.

11:55:40 21        THE COURT:  Say that again.

11:55:41 22        MR. PRIAL:  And if we do not submit a

11:55:44 23 stipulation --

11:55:44 24        THE COURT:  At this point, I'm denying the

11:55:47 25 motion without prejudice as premature because the

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:55:51  2  lawsuit is still pending and it can be renewed at the

11:55:57  3  conclusion of the case.  Whether that conclusion of the

11:56:00  4  case comes through a stipulation that the parties agree

11:56:02  5  upon in the near future or whether it occurs down the

11:56:07  6  road after the case is more vigorously litigated

11:56:12  7  ultimately remains to be seen.

11:56:14  8            MR. PRIAL:  Understood.  Thank you, Judge.

11:56:15  9            THE COURT:  Any questions that either side

11:56:17  10  has about this?

11:56:18  11            MR. RUPP:  Judge, only, and I can certainly

11:56:21  12  check the docket, but I didn't do it before today, but

11:56:24  13  if this doesn't work out, if I can't reach an agreement,

11:56:27  14  either my clients don't authorize it, counsel doesn't

11:56:30  15  agree to it in a form that we can present to the Court,

11:56:33  16  in terms of moving the case along, are we under a

11:56:38  17  scheduling order?  What procedurally where are we at

11:56:42  18  this point?  Because we've been focused on these fee

11:56:46  19  requests for a couple of years, admittedly, and I have

11:56:49  20  an obligation to the client.  I do want to move the case

11:56:54  21  forward and don't want to run afoul of any orders.

11:56:56  22            THE COURT:  So Judge Payson is the

11:56:58  23  magistrate assigned, and I'm looking, she issued an

11:57:01  24  order, an amended scheduling order in May of 2023, that

11:57:05  25  set the deadline to join parties and then pleadings,

1  LIGHTHOUSE BAPTIST CHURCH, ET AL V. CHEMUNG COUNTY, ET AL.

11:57:12   2  August 21; fact discovery to be completed by February

11:57:16   3  26, 2024.

11:57:17   4          MR. RUPP:  I apologize, Judge.  I don't mean

11:57:19   5  to make you my clerical guide.  I will look at the

11:57:24   6  docket.  That was the part I missed.  As soon as you

11:57:25   7  mentioned Judge Payson, I remembered a scheduling order

11:57:29   8  and my colleague Chad Davenport was on top of it.  So

11:57:34   9  we're good.  No other orders pending from this Court and

11:57:37  10  we'll take care of this issue, if we can, and proceed

11:57:40  11  with the litigation if we can't.

11:57:41  12          THE COURT:  That was at docket 53.

11:57:44  13          MR. RUPP:  Thank you, Judge.

11:57:45  14          THE COURT:  You're welcome.

11:57:46  15          MR. RUPP:  I knew that came out.

11:57:48  16          THE COURT:  All right.  Anything else from

11:57:49  17  either side?

11:57:49  18          MR. PRIAL:  Not from me.

11:57:51  19          THE COURT:  Thank you very much everybody.

11:57:52  20  Have a good rest of the day.

11:57:54  21          MR. RUPP:  Thanks.

22

23

24

25

1
2
3          CERTIFICATE OF REPORTER
4      I certify that the foregoing is a correct transcript
5   of the record of proceedings in the above-entitled
6   matter.
7   S/ Karen J. Clark,  RPR
8
    Official Court Reporter
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25